**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| THOMAS LAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:14-cv-01347-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| GREEN VALLEY VILLAGE COMMUNITY | ) | |
| ASSOCIATION, a Nevada not for profit | ) | |
| Corporation dba GREEN VALLEY VILLAGE | ) | |
| HOA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 27) filed by Defendants Green Valley Village Community Association dba Green Valley Village HOA ("HOA"), Assured Real Estate Inc. ("Assured"), and Joseph Yakubik ("Yakubik") (collectively "Defendants"). Plaintiff Thomas Layton ("Plaintiff") filed a Response (ECF No. 32), and Defendants filed a Reply (ECF No. 34). For the reasons addressed below, Defendants' motion is granted.

## I.     BACKGROUND

According to the operable Amended Complaint (ECF No. 16), Defendants attempted to collect fees from Plaintiff owed under HOA's Covenants, Conditions and Restrictions ("CC&Rs") for real property owned by Plaintiff within HOA. *See generally* (Am. Compl., ECF No. 16). Plaintiff alleges that he does not owe the underlying debt claimed by Defendants and that Defendants "initiated a campaign of abusive, unfair, unreasonable and unlawful debt collection activity directed against Plaintiff . . . ." (*Id.* ¶¶ 3, 12).

Plaintiff initiated the present suit on August 19, 2014, asserting claims against HOA and Assured for (1) violations the Fair Debt Collection Practices Act (the "FDCPA"), (2) invasion

1  of privacy, (3) gross negligence, and (4) civil conspiracy. (Compl., ECF No. 4).  Plaintiff

2  subsequently amended his complaint to include Defendant Yakubik. (Am. Compl., ECF No.

3  16).  On November 11, 2014, Defendants filed the current pending motion to dismiss, arguing

4  that this Court lacks of jurisdiction. (MTD 3:1–14, ECF No. 27).

5  ## II.      LEGAL STANDARD

6        Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for

7  lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is

8  challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v.*

9  *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the

10  court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the

11  court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in

12  response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

13  376–78 (1994).

14       "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed

15  without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v.*

16  *United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  However, where there is no way

17  to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

18  ## III.    DISCUSSION

19       In their motion, Defendants argue that this Court lacks subject matter jurisdiction over

20  this case because Plaintiff has failed to comply with Nevada Revised Statutes § 38.310 by first

21  submitting his claims before the Real Estate Division of the Nevada Department of Business

22  and Industry ("NRED"). (MTD 3:23–5:20, ECF No. 27).  Subsection 1 provides:

23  > "No civil action based upon a claim relating to [t]he interpretation, application or
24  > enforcement of any covenants, conditions or restrictions applicable to residential
   > property … or [t]he procedures used for increasing, decreasing or imposing
25  > additional assessments upon residential property, may be commenced in any
   > court in this State unless the action has been submitted to mediation…."

1    Nev. Rev. Stat. § 38.310(1).  Subsection (2) continues by stating that a "court shall dismiss any

2    civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat.

3    § 38.310(2).  Furthermore, the mediation or arbitration requirement under this statute applies

4    not only to an HOA, but also to the collection agency acting on behalf of the association.

5    *Hamm v. Arrowcreek Homeowner's Ass'n.*, 183 P.3d 895, 902–03 (Nev. 2008) ("As we

6    conclude that the district court properly dismissed the Hamms' action against Arrowcreek HOA

7    under NRS 38.310, we also conclude that the district court properly dismissed the Hamms'

8    action against [the collection agency] under that statute.").

9           Plaintiff does not dispute that his claims relate to the application and enforcement of fees

10   under the CC&Rs.  (Resp. 2:14–18, ECF No. 32).  Instead, Plaintiff argues that he should not

11   have to submit his claims to the NRED because the issue of whether he owed the initial

12   assessment "is all but irrelevant" and this case is really "about the tortious, unlawful, abusive

13   and deceptive practices used by [Defendants] in an act of willing conspiracy." (*Id.* 2:14–22).

14          However, while the main thrust of Plaintiff's claims involve Defendants' collection

15   efforts, underlying his claims is a dispute over the validity of the assessment. *See* (Am. Compl.

16   ¶ 12, ECF No. 16) ("Plaintiff does not owe the alleged debt underlying this action.").  Claims

17   disputing the validity of a homeowners' association's assessments under CC&Rs and the

18   homeowners' association's subsequent collection efforts relate to the interpretation, application,

19   and enforcement of the CC&Rs and fall within Nevada Revised Statutes § 38.310. *See*

20   *Karimova v. Alessi & Koenig, LLC*, No. 2:13-CV-151-JCM-CWH, 2013 WL 3678091, at *2

21   (D. Nev. July 11, 2013) ("[B]efore a plaintiff may file an FDCPA action against an HOA, or an

22   HOA's debt collectors, based on a disputed amount of HOA assessments, then the plaintiff

23   must first mediate pursuant to NRS 38.130."); *Taulli v. Rancho Nevada-Nevada Estates*

24   *Homeowners Ass'n, Inc.*, No. 2:11-CV-01760-KJD, 2012 WL 2105889, at *2 (D. Nev. June 8,

25   2012) ("Defendants argue Plaintiff's action must be dismissed subject to NRS 38.310 because

1   the claim arises out of a dispute regarding the enforcement and collection of homeowner's

2   association fees.  Plaintiff's claims dispute the validity of the homeowners association

3   assessments and clearly fall within NRS Chapter 38."). *But see Gray v. Account Recovery*

4   *Solutions*, No. 2:13-CV-887-JCM-GWF, 2014 WL 347576, at \*1–2 (D. Nev. Jan. 30, 2014)

5   (holding that the mediation requirement of NRS 38.180 does not apply when there is no dispute

6   regarding the amount owed and the plaintiff's claims only relate to the debt collection practices

7   used by the defendant).  Accordingly, Plaintiff must first submit his claims to the NRED before

8   this Court may exercise jurisdiction.[1]

9   **IV.     CONCLUSION**

10          **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 27) is

11   **GRANTED**.  Plaintiff's Amended Complaint (ECF No. 16) is **DISMISSED without**

12   **prejudice**.

13          **IT IS FURTHER ORDERED** that this case be stayed until Plaintiff has exhausted his

14   administrative remedies before the Nevada Real Estate Division.  The parties shall file a written

15   report on the docket by October 9, 2015 to provide this Court with the status of the

16   administrative proceedings.

17          **DATED** this 29th day of April, 2015.

18

19                                                    _____

20                                                    Gloria M. Navarro, Chief Judge
                                                      United States District Judge
21

22

23   _____

24   [1] Plaintiff also contends that requiring his claims to be arbitrated would preclude him from bringing his FDCPA
     claims because the statute of limitations will run before the mediation is concluded. (Resp. 7:18–8:6, ECF No.
     32).  Plaintiff's fear, however, is unfounded.  In granting the Motion to Dismiss, the Court will dismiss

25   Plaintiff's Amended Complaint without prejudice and stay the case.  Plaintiff will then have leave to file a
     second amended complaint should mediation fail to resolve the dispute.  Accordingly, Plaintiff's claims will not
     be barred by the statute of limitations.