UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS LAYTON,<br><br>  Plaintiff,<br><br>  v.<br><br>GREEN VALLEY VILLAGE<br>COMMUNITY ASSOCIATION, dba GREEN<br>VALLEY VILLAGE HOA, *et al.*,<br><br>  Defendants. | Case No. 2:14-cv-01347-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Stay Discovery Pending Motions to Dismiss and Motion to Set Briefing Schedule on Motion to Dismiss and Motion for Sanctions.[1] ECF No. 107  The Court has considered Defendants' Motion Plaintiff's Opposition (ECF No. 110), and Defendants' Reply (ECF No. 114).

**I.    Background**

Defendants' Motion and Reply explain that this case was stayed on April 29, 2015, at Plaintiff's request, to allow Plaintiff to pursue administrative remedies through the Nevada Real Estate Division.  On April 4, 2022, Plaintiff moved to lift the stay, demonstrating he had exhausted those remedies.  Defendants did not oppose lifting the stay.

Defendants' previously filed Motions to Dismiss remain pending before the Court.  ECF Nos. 66 and 84.  It is the content of those Motions on which Defendants base their request for a stay of discovery.  Defendants believe their Motions to Dismiss are dispositive and likely to resolve this case in its entirety.  Defendants also contend the Motions to Dismiss can be decided without discovery.  Thus, Defendants argue their Motions to Dismiss meet the requirements for a stay of discovery under well established law.  ECF No. 107 at 2-3.

---

[1]    Defendants no longer seek a scheduling order on the Motion to Dismiss and Motion for Sanctions.  ECF No. 114 at 1.

Plaintiff's Opposition does not respond to Defendants' substantive arguments. ECF No. 110. Instead, Plaintiff argues that when the District Judge lifted the stay of the case in April of this year, granting Plaintiff's Motion seeking this result and his desire to move forward with discovery, she ruled on whether to stay discovery.  ECF No. 110 at 1-2.

**II.     Discussion**

    A.     <u>Plaintiff Does Not Respond To The Substance Of Defendants' Motion</u>.

Well settled law in the U.S. District Court for the District of Nevada establishes that a party's failure to respond to arguments presented in a motion constitutes consent to granting that motion. *Knickmeyer v. Nevada ex rel Eighth Judicial District Court*, 173 F.Supp.3d 1034, 1044 (D. Nev. 2016) *citing, inter alia*, *Duensing v. Gilbert*, Case No. 2:11-cv-01747-GMN-VCF, 2013 WL 1316890, at *5 n.3 (D. Nev. Mar. 1, 2013) (failing to respond to defendant's arguments on an issue constitutes consent to the granting of the motion); *Schmitt v. Furlong*, Case No. 3:11-cv-00602–LRH-VPC, 2013 WL 432632, at *4 (D. Nev. Feb. 4, 2013) (failure to argue against substantive due process violations indicated consent to granting summary judgment); *Gudenavichene v. Mortgage Elec. Registration Sys.*, Case No. 2:12-cv-82 JCM-GWF, 2012 WL 1142868, at *2 (D. Nev. Apr. 4, 2012) (plaintiff's failure to respond to any of the arguments raised in the motion to dismiss constituted consent to granting the motion).

Plaintiff does not respond to Defendants' substantive arguments that their Motions to Dismiss are dispositive of the entire case, are likely to be granted, and can be decided without additional discovery.  Thus, Plaintiff agrees that these arguments have merit and the Motion to Stay may be granted.  *Id*.  *See also Macias v. Smith's Food and Drug Center*, Case No.: 2:20-cv-01554-JAD-NJK 2020 WL 7439703, at *3 (D. Nev. Dec. 17, 2020) (a plaintiff's failure to respond to arguments constitutes an admission that the arguments have merit).

    B.     <u>A Preliminary Peek At Defendants' Motions To Dismiss Shows The Motions Are Dispositive, No Discovery Is Needed To Decide Them, And They Are Likely To Be Granted</u>.

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  "The party seeking a stay . . . has the burden to show good

cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending. *Tradebay*, 278 F.R.D. at 602. For this reason, a party seeking a discovery stay carries the "heavy burden" of making a strong showing why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 75 F.R.D. 554, 556 (D. Nev. 1997).

When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). A court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. Nonetheless, the court has broad discretion when deciding whether to grant a motion to stay discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

A preliminary peek at Defendants' Motions to Dismiss demonstrates that, if granted, they are dispositive of the case. The Green Valley Community Association and Assured Real Estate Motion to Dismiss persuasively argue that these Defendants are not debt collectors as a matter of law and that, therefore, they do not fall under the Fair Debt Collection Practices Act. ECF No. 66 at 5-7. Defendants also persuasively argue that Plaintiff's state law claims are invalid. *Id*. at 8-9. Defendant Yakubik demonstrates his Motion to Dismiss is also likely to be successful. ECF No. 84. In sum, the arguments presented by Defendants appear, to this Court, to be meritorious and substantially likely to be prevail. No discovery is needed to decide the issues as they are matters of law. Thus, Defendants' Motions to Dismiss meet all elements required to grant a stay of discovery.

### III. Order

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery Pending Motions to Dismiss (ECF No. 107) is GRANTED.

DATED this 27th day of May, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE