# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THOMAS LAYTON,                                  )
                                         )
              Plaintiff,                      )      Case No.: 2:14-cv-01347-GMN-EJY
      vs.                                        )
                                        )      **ORDER**
GREEN VALLEY VILLAGE COMMUNITY )
ASSOCIATION d/b/a GREEN VALLEY    )
VILLAGE HOA, ASSURED REAL ESTATE, )
INC., AND JOSEPH YAKUBIK,           )
                                        )
              Defendants.                    )
_____)

       Pending before the Court is the Motion to Dismiss, (ECF No. 66), filed by Defendant

Green Valley Village Community Association ("GVV") and Assured Real Estate, Inc.

("Assured").  Plaintiff Thomas Layton ("Plaintiff") filed a Response, (ECF No. 77), and

Defendants GVV and Assured filed a Reply, (ECF No. 82).

       Also pending before the Court is the Motion to Dismiss, (ECF No. 84), filed by

Defendant Joseph Yakubik ("Yakubik").  Plaintiff, appearing *pro se*,[1] filed a Response, (ECF

No. 116), and Defendant Yakubik filed a Reply, (ECF No. 117).

//

---

[1] The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).  However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Though Plaintiff had counsel respond to Defendants GVV and Assured's Motion to Dismiss, (ECF No. 66), Plaintiff moved to substitute attorney and proceed pro se in May 2022. (*See* Mins. Proceeding, ECF No. 111). At that point, because Plaintiff had not yet filed a Response to Defendant Yakubik's Motion to Dismiss, (ECF No. 84), and Motion for Sanctions, (ECF No. 85) before the stay, the Court granted an extension for Plaintiff to respond. (*See* Mins. Proceeding, ECF No. 105).

Also pending before the Court is Motion to Dismiss, (ECF No. 85), filed by Defendant Joseph Yakubik.  Plaintiff filed a Response, (ECF No. 116), and Defendant Yakubik filed a Reply, (ECF No. 117).

For the reasons discussed herein, Defendants GVV and Assured's Motion to Dismissed is **GRANTED IN PART** and **DENIED IN PART**, Defendant Yakubik's Motion to Dismiss is **GRANTED**, and Defendant Yakubik's Motion to Seal is **DENIED**.

## I.     <u>BACKGROUND</u>

This case arises from Defendants GVV, Assured, and Yakubik's (collectively, "Defendants'") alleged unfair debt collection from Plaintiff who owned property inside Green Valley Village. (*See* Second Am. Compl. ("SAC"), ECF No. 54).  Plaintiff alleges that GVV sent numerous confusing demands for payment prior to January 28, 2011. (*Id*. ¶ 12).  Plaintiff refused to pay. (*Id*. ¶ 13).  In October 2012, Assured began demanding payment from Plaintiff on behalf of GVV. (*Id*. ¶¶ 18–23).  On November 19, 2013, Assured recorded a Notice of Default and Election to Sell, claiming $2,009.03. (*Id*. ¶ 24).  The next month, Assured also sent Plaintiff a demand for payment of $636.98. (*Id*. ¶ 25).  Though he was confused about the various demands, Plaintiff paid $636.98 to Assured. (*Id*. ¶ 26).

In March 2014, Assured made another demand for payment of $1,527.55. (*Id*. ¶ 29). Plaintiff did not pay that amount, so Assured filed a lawsuit in state court. (*Id*. ¶ 31).  In August 2013, Plaintiff then filed the instant lawsuit against Defendants, asserting claims against GVV and Assured for (1) violations the Fair Debt Collection Practices Act (the "FDCPA"), (2) invasion of privacy, (3) gross negligence, and (4) civil conspiracy. (Compl., ECF No. 4). Plaintiff subsequently amended his complaint to include Defendant Yakubik. (Am. Compl., ECF No. 16).  On November 11, 2014, Defendants filed the current pending motion to dismiss, arguing that this Court lacks jurisdiction. (MTD 3:1–14, ECF No. 27).  This Court granted the

Motion to Dismiss and stayed the case until Plaintiff exhausted his administrative remedies before the Nevada Real Estate Division. (*See* Order Granting MTD, ECF No. 51).

On January 30, 2017, Plaintiff then filed a Second Amended Complaint, (ECF No. 54). Defendants GVV and Assured then filed the instant Motion to Dismiss, (ECF No. 66). Defendant Yakubik then filed the instant Motion to Dismiss, (ECF No. 84), and Motion for Sanctions, (ECF No. 85).[2]  The Court discusses each in turn.

## II.   **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a

---

[2] In April 2022, Plaintiff filed a Motion to Lift Stay of the Case, (ECF No. 102), which this Court granted on April 24, 2022, as Defendants did not oppose the stay. (*See* Min. Order Granting Motion to Lift Stay, ECF No. 104).

complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  <u>DISCUSSION</u>

The Court first addresses the Motion to Dismiss filed by Defendants GVV and Assured before turning to Defendant Yakubik's Motions.

### A.    MOTION TO DISMISS FILED BY DEFENDANTS GVV AND ASSURED, (ECF NO. 66)

Defendants GVV and Assured move to dismiss all Plaintiff's claims against them, which include: (1) violations of the Fair Debt Collection Practices Act (the "FDCPA"), (2) invasion of privacy, (3) gross negligence, and (4) civil conspiracy. (SAC ¶¶ 43–56).  The Court reviews each claim below.

//

//

1               **1.      FDCPA Claim**

2             Defendants GVV and Assured argue that Plaintiff's FDCPA claim against them must be

3      dismissed because GVV is not a "debt collector" as defined under the FDCPA and Assured is

4      merely an agent acting on behalf of GVV. (Mot. Dismiss 5:15–7:23).  Citing to Nevada case

5      law, Defendants GVV and Assured claim that similar cases have held that HOAs are not

6      considered "debt collectors" under the FDCPA. (*Id.*).  Plaintiff, in response, asserts that similar

7      cases also assert that HOAs are considered "debt collectors" such that claims for FDCPA

8      violation may proceed against HOAs, like GVV. (Resp. to Mot. Dismiss 5:10–7:14).

9             A debt collector, as defined under the FDCPA, is "any person who uses any

10     instrumentality of interstate commerce or the mails in any business the principal purpose of

11     which is the collection of any debts, or who regularly collects or attempts to collect, directly or

12     indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

13     This includes "any creditor who, in the process of collecting his own debts, uses any name

14     other than his own which would indicate that a third person is collecting or attempting to

15     collect such debts." *Id.*  "The FDCPA imposes liability only when an entity is attempting to

16     collect debt." *Vien-Phuong Thi Ho v. Recontrust Co., NA*, 840 F.3d 618, 621 (9th Cir. 2016).

17            As the parties point out in their briefing, courts have treated HOAs differently for

18     purposes of the FDCPA.   Some courts consider HOAs as debt collectors under the FDPCA.

19     *See e.g., Calvert v. Alessi & Koenig, Ltd. Liab. Co.*, No. 2:11-CV-00333-LRH-PAL, 2013 U.S.

20     Dist. LEXIS 20017, at *12 (D. Nev. Feb. 12, 2013) (finding Alessi & Koenig a debt collector

21     "so long as they were not 'actively engaged in an attempt to dispossess [Calvert] of secured

22     property"").  Other courts have determined that an HOA is not a "debt collector" because "it

23     only ever attempts to collect its own debts." *See e.g., Mendez v. Fiesta Del Norte Home Owners*

24     *Ass'n*, No. 2:15-cv-00314-RCJ-NJK, 2016 U.S. Dist. LEXIS 88764, at *18 (D. Nev. July 7,

25     2016).  A sister court in this district persuasively explained:

When the debt collection process masquerades as the foreclosure process, however, the reasons for subjecting the two processes to different regulations fall apart. First, the FDCPA explicitly disapproves of threats to foreclose when there is no "present intention" to do so-in other words, when the threats operate as tools of debt collection rather than of security-interest enforcement. 15 U.S.C. § 1692f(6)(B). Second, debtors subject to empty foreclosure threats are not protected by state foreclosure laws. By hypothesis, these empty threats have not engaged the machinery of foreclosure and its attendant protections, leaving the debtor exposed to potential abuse.

*Calvert v. Alessi & Koenig, Ltd. Liab. Co.*, No. 2:11-CV-00333-LRH-PAL, 2013 U.S. Dist. LEXIS 20017, at *9 (D. Nev. Feb. 12, 2013). In *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984 (9th Cir. 2017), the Ninth Circuit considered whether a law firm, who attempted to collect payment of a debt on behalf of an HOA, constituted a debt collector under the FDCPA. 845 F.3d at 989. There, the Ninth Circuit clarified that a trustee, who merely informed the property owner of the foreclosure timeline, was not liable under the FDCPA because she was not attempting to collect payment, whereas an entity who seeks to enforce a secured loan is held to the full force of the FDCPA. *Id*. at 990. ("[W]here an entity is engaged solely in the enforcement of a security interest and not in debt collection, like the trustee and unlike Epsten, it is subject only to § 1692f(6) rather than the full scope of the FDCPA."). Ultimately, the Ninth Circuit held that the law firm attempting to collect payment of a debt, "irrespective of whether it also sought to perfect the HOA's security interest and preserve its right to record a lien in the future . . . is subject to" the FDCPA. *Id*.

Following the Ninth Circuit's published opinion in *Mashiri*, the Court finds that Plaintiff plausibly alleges sufficient facts to show that GVV and Assured are both "debt collectors" under the FDCPA. *See id.* Plaintiff alleges both GVV and Assured attempted to collect payment of fees, like the firm in *Marshiri*. (SAC ¶¶ 7, 12). Specifically, Plaintiff claims that GVV sent "numerous varied and confusing demands for payment." (*Id*. ¶ 12). He also claims that Assured is "a debt collector" as defined by 15 U.S.C. § 1692a(6) and that Assured

"routinely made written demands for payment" to the point where Assured recorded a Notice of Default and Election to Sell. (*Id*. ¶¶ 7, 23, 24). Because both are "debt collectors," they are thus subject to the FDCPA.[3] The Court accordingly denies Defendant GVV and Assured's Motion to Dismiss as to Plaintiff's FDCPA claim.

## 2. State Claims

Defendants GVV and Assured further argue that Plaintiff fails to allege sufficient facts to allege plausible state claims for invasion of privacy, gross negligence, and civil conspiracy. (Mot. Dismiss 8:1–9:7). Plaintiff argues that he has provided sufficient information and as such, his state claims are plausibly pled. (Resp. to Mot. Dismiss at 9).

As the Court explained above, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, Plaintiff fails to plead plausible state law claims against Defendants GVV and Assured. In her Second Amended Complaint, Plaintiff largely recites the elements of the claim without factual allegations specific to this case. For example, as to Plaintiff's invasion of privacy claim, Plaintiff merely recites that "[t]he foregoing acts and omissions of Defendants constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy." (SAC ¶ 47). "A cause of action for invasion of privacy requires: (1) an intentional intrusion by defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to a reasonable person." *Downs v.*

---

[3] Defendants further argue that Assured is exempt from the FDCPA because it attempted to collect debt on behalf of GVV. (Mot. Dismiss 6:21–7:22). However, the cases Defendants rely on are not binding as they are from the Fourth, Seventh, and Eleventh Circuits. (Id. at 7). The one Ninth Circuit case Defendants cite to, *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1034, distinguishably finds that a guaranty agency and the DOE have a fiduciary/beneficiary relationship. This holding is inapplicable to the present case. As Plaintiff alleges in her Complaint, Assured is a "debt collector" and as such, is held to the FDCPA.

*River City Grp., LLC*, No. 3:11-CV-0885-LRH-WGC, 2012 U.S. Dist. LEXIS 66860, 2012 WL 1684598, at *4 (D. Nev. May 11, 2012).  While Plaintiff provides some additional information in her Response, Plaintiff did not include these critical allegations in his Second Amended Complaint. (SAC ¶¶ 46–48).  He fails to even recite the elements of an invasion of privacy claim, which is below the bare minimum required under *Twombly* and *Iqbal*.  The Court accordingly grants Defendants GVV and Assured's Motion to Dismiss as to Plaintiff's state claims with leave to amend.

### B.   MOTION TO DISMISS FILED BY DEFENDANT YAKUBIK, (ECF NO. 84)

Defendant Yakubik argues that Plaintiff's claims against him must be dismissed because Yakubik is merely an agent of Assured. (Yakubik's Mot. Dismiss at 4–5).  Because Plaintiff has not alleged an alter ego allegations, Yakubik argues that he is insulated from liability. (*Id*.).

15 U.S.C. § 1692a(6)(A) explicitly exempts "any officer or employee of a creditor, while in the name of the creditor, collect[s] debts for such creditor."  NRS 78.747 similarly states that "no stockholder, director or officer of a corporation is individually liable for a debt or liability of the corporation, unless the stockholder, director or officer acts as the alter ego of the corporation." NRS 78.747(1).  In his Second Amended Complaint, Plaintiff specifically alleged that Yakubik is the "President, Secretary, Treasurer and Director of" Assured. (SAC ¶ 8).  Plaintiff, who filed a response to Yakubik's Motion to Dismiss *pro se*, seemingly argues an alter ego claim.  He claims that "[t]he fact that Yakubik is a Real Estate Broker and Investor and controls the HOA and their foreclosures is a conflict of interest." (Resp. to Yakubik's Mot. Dismiss ¶ 4).  He goes on to assert that "Yakubik made several statements directly to Plaintiff that clearly points to his intent to personally benefits from his actions as an HOA servicer." (*Id*.).  These assertions seemingly raise an alter ego claim.  However, because these assertions

1  are not included in the operative complaint, the Court thus dismisses Plaintiff's claims against
2  Yakubik with leave to amend.

3      **C.**      **MOTION FOR SANCTIONS, (ECF NO. 85)**

4      Defendant Yakubik throws in, at the end of his Motion to Dismiss, that he is entitled to
5  sanctions "[b]ecause Layton refused Yakubik's demand to withdraw this frivolous claims."
6  (Yakubik's Mot. Dismiss 5:9–10).  District courts have inherent power to sanction a party for
7  improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).  The court may only issue
8  sanctions under its inherent power upon finding "bad faith or conduct tantamount to bad faith."
9  *Id*. at 994.  Bad faith, or conduct tantamount to bad faith, encompasses "a variety of types of
10  willful actions, including recklessness when combined with an additional factor such as
11  frivolousness, harassment, or an improper purpose." *Id*.  Upon a finding of bad faith, the
12  decision to issue sanctions is within the court's discretion. *Air Separation, Inc. v. Underwriters*
13  *at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995).  Here, the Court does not find any bad
14  faith on Plaintiff's part.  Defendant Yakubik also does not explain how Plaintiff's refusal
15  amounts to sanctionable conduct.  Accordingly, the Court denies Defendant Yakubik's Motion
16  for Sanctions.

17      **D.**      **LEAVE TO AMEND**

18      Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give
19  leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s]
20  held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should
21  grant leave to amend even if no request to amend the pleading was made, unless it determines
22  that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*,
23  203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.
24  1995)).

25

The Court finds that Plaintiff may be able to plead additional facts to cure the deficiencies identified herein.  Accordingly, the Court will grant Plaintiff leave to file an amended complaint.  Plaintiff shall file his amended complaint within twenty-one (21) days of the entry of this Order.

**V.**    **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant GVS and Assured's Motion to Dismiss, (ECF No. 66), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Yakubik's Motion to Dismiss, (ECF No. 84), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Yakubik's Motion for Sanctions, (ECF No. 85), is **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiff elects to amend his claims that are dismissed with leave to amend, Plaintiff shall have twenty-one days from the date of this Order to do so.

**DATED** this ___9___ day of September, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT