Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@semenzarickard.com
Jarrod L. Rickard, Esq., Bar No. 10203
Email: jlr@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@semenzarickard.com
SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone:  (702) 835-6803
Facsimile:   (702) 920-8669

*Attorneys for Defendants Green Valley*
*Village Community Association,*
*Assured Real Estate, Inc., and*
*Joseph Yakubik*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS LAYTON,<br><br>                     Plaintiff,<br><br>v.<br><br>GREEN VALLEY VILLAGE COMMUNITY ASSOCIATION, a Nevada not for profit Corporation dba GREEN VALLEY VILLAGE HOA; ASSURED REAL ESTATE, INC., a Nevada Corporation; JOSEPH YAKUBIK, an individual; DOES I-X, inclusive; and ROE CORPORATION XI-XX, inclusive,<br><br>                     Defendants. | Case No.  2:14-cv-01347-GMN-EJY<br><br>**JOINT DISCOVERY PLAN AND** **PROPOSED** **SCHEDULING ORDER** |

Defendants Green Valley Village Community Association dba Green Valley Village HOA ("GVV") and Assured Real Estate, Inc. ("Assured") (together "Defendants") and Plaintiff Thomas Layton ("Plaintiff") (together, the "Parties"), Plaintiff In Pro Per and Defendants by and through their undersigned counsel of record, submit their Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16 and 26, as well as LR 16-1 and 26-1.

1

1. <u>Rule 26(f) Conference</u>: Pursuant to FRCP 26(f) and LR 26-1(a), a telephonic meeting was conducted on November 14, 2023, and was attended by Jarrod L. Rickard, Esq. of the law firm of Semenza Rickard Law for Defendants, and Plaintiff Pro Per Thomas Layton.

2. <u>Statement of Nature and Complexity of Case:</u>

   A. Plaintiff's Statement:

The Plaintiff comes before the Court to remedy Defendant's violations of the Fair Debt Collection Practices Act, FDCPA, and of related Nevada law requirements. Plaintiff seeks, via a jury trial, to recover both actual and statutory damages along with reasonable attorney fees and costs. Plaintiff is now Pro Per as his prior counsel took new employment with the Arizona Public Defenders office.

Since 2004, the Plaintiff has been a resident and member of Green Valley Village Community Association, dba Green Valley Village HOA, whose daily operations are overseen and managed by Assured Real Estate Inc. Both parties are named Defendants in this case.

Prior to January 28, 2011, Plaintiff received numerous confusing and varied demands for payment from Defendants. Plaintiff provided the proper written notices to Defendants for correction and validated of the various demands for payment. Defendant failed to comply with FDCPA 15 U.S.C. 1692 et seq.

To date, Defendant has made multiple attempts to collect a non-existant or erroneous debt thru various demands and legal actions.

Plaintiff now brings four claims against Defendant; various FDCPA violations, Invasion of Privacy, Gross Negligence, and Civil Conspiracy.

   B. Defendants' Statement:

Defendants deny Plaintiff's allegations. On September 9, 2022, the Court dismissed all of Plaintiff's claims except for his FDCPA claim against GVV and Assured. GVV and Assured deny that they are "debt collectors" within the meaning of the FDCPA. Additionally, GVV and Assured deny any wrongdoing and assert that all notifications provided to Plaintiff were proper. Defendants seek an award of attorneys fees and costs for having to defend against Plaintiff's claims.

3. <u>Magistrate/ADR</u>:  The Parties certify that they have conferred and Plaintiff agrees to a trial before the Magistrate Judge.  Defendants do not consent to a trial by the Magistrate Judge or the use of the Short Trial Program at this time.  The Parties also certify that they conferred regarding alternative dispute resolution.  At this time, the Parties decline a settlement conference.

4. <u>Areas of Discovery</u>:  Discovery will be needed on the following subjects:  The remaining claim set forth in Complaint, as well as the affirmative defenses raised by Defendants relevant to the action.  There are no proposed limitations of discovery at this time.

5. <u>Initial Disclosures:</u>  The Parties will provide their initial disclosures within thirty (30) days of the FRCP 26(f) conference, pursuant to FRCP 26(a)(1)(C).

6. <u>Discovery Plan</u>: The Parties jointly propose to the Court the following discovery plan:

a. <u>Discovery Cut-Off Date</u>: The Parties have agreed to a discovery period of 180 days.  All discovery must be completed by **May 24, 2024**.

b. <u>Amending the Pleadings and Adding Parties</u>:  The Parties will file any motion to amend pleadings or add parties on or before **February 23, 2024**, which is not later than ninety (90) days prior to the close of discovery.

c. <u>FRCP 26(a)(2) Disclosures of Experts</u>:  Disclosure of experts, if any, shall proceed as follows:   Plaintiff and Defendant shall disclose their experts to each other on or before **March 22, 2024**, which is at least sixty (60) days before the discovery cut-off date.  Plaintiff and Defendant shall disclose their rebuttal experts on or before **April 25, 2024**, which is at least thirty (30) days after the initial date for disclosure of experts.  Further each party agrees to make their experts available for deposition, and facilitate the same, prior to discovery cut-off.

d. <u>Dispositive Motions</u>: The date for filing dispositive motions will be on or before **June 24, 2024**, which is not later than thirty (30) days after the discovery cut-off date.

e. <u>Pre-trial order</u>:  The Parties shall file the joint pretrial order on or before **July 24, 2024**, which is not later than (30) days after the date set for filing dispositive motions.  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be

3

suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

  f. <u>FRCP 26(a)(3) Disclosures:</u>  The disclosures required by FRCP 26(a)(3) shall be made in the joint pretrial order, which is to be filed no later than thirty (30) days before the trial date set by this Court.

  g. <u>Extension or Modification of the Discovery Plan and Scheduling Order</u>: The Parties will make any stipulation or motion no later than twenty-one (21) days before the discovery cut-off date and comply with LR 26-4, which is **May 3, 2024**.

 7. <u>Preservation of Discoverable Evidence:</u>  The Parties hereby agree to preserve for the purposes of this litigation any and all relevant evidence, including documents and other tangible things.

 8. <u>Electronically Stored Information</u>:  Production format for all electronically stored information (ESI) shall be in portable document files (PDF), unless converting a document to PDF is impossible or otherwise impracticable.  Discoverable information shall be submitted either via U.S. Mail on CD-ROM, DVD-ROM, or another universally accessible media storage device, via electronic mail or via a file share link so as to minimize the burden and costs associated with excessive paper discovery.  The Parties agree to reconvene to discuss the production of materials in regard to the metadata if necessary and within fourteen (14) days of any party's request.

 9. <u>Privilege Issues</u>:  Issues concerning attorney-client privilege, work product, and proprietary material are possible, but not anticipated.  The Parties will meet and confer should any issues arise prior to involving the Court.

 10. <u>Discovery related orders</u>:  A protective order may be appropriate in this case to protect the confidential and proprietary information of the Parties.  If so, the Parties will prepare a proposed stipulated order for the Court's consideration.  This order will include procedures for dealing with inadvertently produced confidential documents that follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) and FRE 502(b).

///

11. <u>What Changes Should be Made in The Limitations on Discovery Imposed Under These Rules or by Local Rules, and What Other Limitations Should be Imposed:</u>   None.

12. <u>Any Other Orders That Should be Issued Under Rule 26(c) or Under Rule 16(B) and (C):</u>   The Parties agree to email service. All service made to Plaintiff shall be made to tlaytonent@gmail.com. All service made to Defendants shall be made to jlr@semenzarickard.com and klc@semenzarickard.com. Separate email service is not necessary for documents filed via the ECF system.

| | |
|---|---|
| DATED this 28th day of November, 2023. | DATED this 28th day of November, 2023. |
| SEMENZA RICKARD LAW | PRO PER |
| */s/ Jarrod L. Rickard* _____ | */s/ Tom Layton* _____ |
| Lawrence J. Semenza, III, Esq., Bar No. 7174<br>Jarrod L. Rickard, Esq., Bar No. 10203<br>Katie L. Cannata, Esq., Bar No. 14848<br>10161 Park Run Drive, Suite 150<br>Las Vegas, Nevada 89145 | Thomas R. Layton<br>29 Myrtle Beach Drive<br>Henderson, NV 89074<br>*Pro Per* |

*Attorneys for Defendants Green Valley Village Community Association, Assured Real Estate, Inc., and Joseph Yakubik*

**SCHEDULING ORDER**

IT IS SO ORDERED.

_____
United States Magistrate Judge

Dated:  November 28, 2023