1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

4

5

6

7

8

9

10

THOMAS R. LAYTON, an individual,

Plaintiff,

v.

GREEN VALLEY VILLAGE
COMMUNITY ASSOCIATION, dba
GREEN VALLEY VILLAGE HOA, *et al.*,,

Defendants.

Case No. 2:14-cv-1347-GMN-EJY

**ORDER**

11       Pending before the Court is Plaintiff's Motion to Compel Discovery and Request for

12 Sanctions.  ECF No. 132.  The Court considered Plaintiff's Motion, Defendants' Opposition (ECF

13 No. 133), and Plaintiff's Reply (ECF No. 135).

14 **I.       Background**

15       Plaintiff brings this Motion arguing he's been trying to schedule Defendants' depositions

16 since November 16, 2023, but Defendants have refused to cooperate.  ECF No. 132 at 3-4.  Plaintiff

17 asks the Court to require Joe Yakubik, former Defendant and manager of Assured Real Estate, Inc.

18 ("Assured"), to appear for deposition, at least potentially, as Assured and Green Valley Village

19 HOA's ("GV HOA") person most knowledgeable under Federal Rule of Civil Procedure 30(b)(6).[1]

20 *Id.* at 1, 5-6.  Plaintiff also asks the Court to sanction Defendants under Federal Rule of Civil

21 Procedure 37(d)(1) by (1) precluding Mr. Yakubik from testifying for Defendants at trial, and (2)

22 ordering Defendants and defense counsel to pay a reasonable monetary penalty in connection with

23 Plaintiff's Motion and attempt to schedule depositions.  *Id.* at 6.

24       Defendants counter Plaintiff's arguments by demonstrating Plaintiff never properly noticed

25 any depositions.  ECF No. 133 at 1.  Defense counsel says he repeatedly advised Plaintiff to comply

26 with the requirements established by Fed. R. Civ. P. 30(b)(6), but Plaintiff refused to describe

27 deposition topics with the "reasonable particularity" required.  *Id.* at 2.  Defendants further say

28

---

[1]       GV HOA and Assured are hereinafter known as "Defendants."

Plaintiff wants Mr. Yakubik to appear for a 30(b)(6) deposition one day before the start of the Nevada State Bar exam despite knowing Mr. Yakubik is taking the exam. *Id.* Defendants argue the proximity of the demanded deposition date to the Nevada Bar Exam shows Plaintiff seeks to use enforcement of his discovery rights as a weapon. *Id.* In Reply, Plaintiff admits he has not noticed depositions, but argues he cannot do so without Defendants providing potential deposition dates. ECF No. 135 at 2.

Underlying the parties' respective positions are a series of email exchanges summarized here. In the email series, the parties go back and forth with (1) Plaintiff never clearly identifying the topics for a business entity deposition under Fed. R. Civ. P. 30(b)(6), and (2) Defendants trying to decipher what Plaintiff seeks while attempting to identify the person or persons who will appear for depositions. Plaintiff first emailed defense counsel on November 16, 2023 proposing deposition dates without identifying the witnesses he sought to depose. ECF No. 133 at 19. Defense counsel responded asking for a list of deponents and 30(b)(6) topics so that the proper individuals could be identified. *Id.* A week later, Plaintiff replied identifying the deposition topic as "the policies and procedures from the 2010-2011 timeframe of the underlying incidents." *Id.* at 24. Plaintiff expressed hope that Assured and GV HOA still had someone on the board who would appear. *Id.* Defense counsel responded by asking Plaintiff to confirm that Defendants' Fed. R. Civ. P. 30(b)(6) deponent should be available to answer questions on the following two topics: "1. GVV's policies and procedures applicable to the underlying dispute. 2. Assured's policies and procedures applicable to the underlying dispute." *Id.* at 23. Plaintiff agreed those were "the basic topics," but he wanted to review responses to interrogatories and requests for production before committing to final topics. *Id.*

The next communication occurred on December 13, 2023 when Plaintiff sought dates in January "for the first two PMQ depositions" stating he was available from January 15 through 29, 2024. ECF No. 132 at 13. Defense counsel responded he would "check with Yakubik as I know he will be the 30b6 for Assured." *Id.* Defense counsel reminded Plaintiff he was going to provide Rule 30(b)(6) deposition topics for GV HOA so counsel could identify the person "best suited to testify." *Id.* Plaintiff replied "[t]he basic topics" included, but were not limited to "policies and procedures of the HOA, accounting practices, hiring practices, their vetting of employees and contractors, their foreclosure procedures, and historical complaints and litigations." *Id.*

1       Plaintiff next emailed defense counsel on January 3, 2024 asking for dates on which he could

2  set depositions, receiving a response from defense counsel on January 17th suggesting the month of

3  February without proving any specific dates on which he or his clients were available.  ECF No. 133

4  at 29.  Plaintiff responded the same day that he would check his availability and be back in touch.  *Id.*

5  The next day, defense counsel emailed Plaintiff explaining the GV HOA 30(b)(6) would "probably

6  … be Joe," but he would not be able to confirm until Plaintiff served a deposition notice and

7  deposition topics.  *Id*. at 28.  Plaintiff responded by asking if "Joe" would appear as the "PMQ" for

8  both Defendants.  *Id*.  Defense counsel replied, "possibly," but also stated that "PMQ" was replaced

9  by Rule 30(b)(6).  *Id*.  Defense counsel told Plaintiff that depending on the topics Plaintiff identified,

10  "Joe" might be the 30(b)(6) deponent.  *Id.*  Plaintiff rejected this proposition stating that he wanted

11  to depose "either the President or the actual Board Member of the HOA," and if these individuals

12  were identified as the entities witness, he would simply subpoena them and "skip the  PMQ"

13  altogether.  *Id.*

14       On January 22, 2024, Plaintiff emailed defense counsel stating he had "made it clear" that he

15  would be "asking about the relationships, contractual agreements, and history of Assured …, Joe

16  Yakubik, and Green Valley Village HOA" and, therefore Mr. Yakubik could not "represent all parties

17  regarding these matters."  *Id.* at 34.  Expressing frustration, defense counsel replied that he:

18
19
20
21
> made it clear, there is no such thing as a PMQ deposition.  FRCP 30(b)(6) sets forth the procedure for designating a witness to testify on behalf of an entity.  In order to identify the correct witness, I will need the topics, which need to be described with 'reasonable particularity.'  Please send me the draft notice or bullet points of the specific topics so that I may work with GVV toward finding someone to testify, who may be Mr. Yakubik.

22  *Id.* at 33.

23  **II.**     **Discussion**

24       In order to take the deposition of a business entity (as opposed to individual percipient

25  witnesses), the deposition must be noticed in compliance with Federal Rule of Civil Procedure

26  30(b)(6).  *Guinnane v. Dobbins*, 479 F. Supp. 3d 989, 994 (D. Mont. 2020) ("Rule 30(b)(6) requires

27  an organization subject to proper notice to produce a witness who can answer questions about the

28  subject matter in the deposition notice.").  Plaintiff, appearing pro se, is not excused from complying

1    with the requirement of this Rule.  *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) ("[*pro se*]

2    litigants must follow the same rules of procedure that govern other litigants").

3         The purpose of Rule 30(b)(6) "is to streamline the discovery process."  *Great American Ins.*

4    *Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008) *citing Resolution*

5    *Trust Corp. v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir. 1993).  The Rule "serves a

6    unique function in allowing for a specialized form of deposition."  *Id. citing Sprint Commc'ns Co.,*

7    *L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006).  "The rule 'gives the corporation

8    being deposed more control by allowing it to designate and prepare a witness to testify on the

9    corporation's behalf.'"  *Id. quoting U.S. v. Taylor,* 166 F.R.D. 356, 360 (M.D.N.C. 1996).

10        Under Fed. R. Civ. P. 30(b)(6), the party seeking the deposition must describe with

11   reasonable particularity the matters for examination.  *Great American*, 251 F.R.D. at 538.  "The test

12   for reasonable particularity is whether the request places the party upon reasonable notice of what is

13   called for or what is not."  *Carlson v. Sam's W., Inc.*, Case No. 2:17-CV-02882-MMD-GWF, 2018

14   WL 4094856, at *2 (D. Nev. Aug. 28, 2018).  "The named organization must then designate one or

15   more persons to testify on its behalf and may set out the matters on which each person designated

16   will testify."  *Id.*  Plaintiff, who repeatedly referred to "PMQ" depositions, but was told on more than

17   one occasion that he needed to comply with the requirements of Fed. R. Civ. P. 30(b)(6), never served

18   a notice of deposition on Defendants let alone one that described with reasonable particularity the

19   topics on which he would seek testimony.  For this reason alone, to the extent Plaintiff seeks an order

20   compelling a Rule 30(b)(6) deposition, that request is denied.[2]

21        Further, although an entity that fails to designate a witness under Rule 30(b)(6) may be

22   compelled to do so under Rule 37(a)(3)(B)(ii), here, Defendants are not compelled to appear for such

23   deposition in the absence of a deposition notice and reasonably particular topics identified by

---

24   [2]    The Court notes that if Plaintiff does not seek an order compelling Mr. Yakubik to appear for a 30(b)(6)
25   deposition, but instead seeks dates on which Mr. Yakubik would appear as a percipient witness, he still has not served a
     notice of deposition.  While the Court understand scheduling discussions have gone on over several months, the Court
26   finds both parties at fault.  The Order below provides Plaintiff time to depose a 30(b)(6) witness and individual witnesses.
     The Order also provides a date by which the parties must meet and confer at which time the parties must select deposition
27   dates.  The parties must be prepared at the meet and confer with their respective availability.  Defense counsel must have
     conferred with Mr. Yakubik and know dates on which he is available for deposition.  Prior to the meet and confer, if
28   Plaintiff seeks a 30(b)(6) deposition, Plaintiff *must* provide a written list all 30(b)(6) deposition topics to Defendants so
     Defendants can identify the individual who will appear and have conferred with that individual regarding availability.

1   Plaintiff.  Similarly, sanctions under Fed. R. Civ. P. 37(d)(1) are not warranted.  This Rule allows the

2   Court to sanction "a party or a party's officer, director, or managing agent – or a person designated

3   under Rule 30(b)(6)" who fails to appear "after being served with proper notice."  Fed. R. Civ. P.

4   37(d)(1)(A)(i).  In the absence of a notice, there is no basis to sanction.  *Id*.

5          As stated above, Defendants are entitled to designate the witness or witnesses who will

6   appear under Rule 30(b)(6).  *Great American*, 251 F.R.D. at 538.  A 30(b)(6) witness testifies on

7   behalf of the entity for whom the witness appears and, therefore, binds the entity with that testimony.

8   *Id*.  (the testimony of a Rule 30(b)(6) witness "represents the knowledge of the corporation, not of

9   the individual deponents" and "[a] corporation has a duty under Rule 30(b)(6) to provide a witness

10  who is knowledgeable in order to provide binding answers on behalf of the corporation") (internal

11  citations and quote marks omitted).  Of course, Plaintiff is not required to set a deposition under Rule

12  30(b)(6).  Plaintiff can, instead (or in addition) notice depositions of individual witnesses; however,

13  individual percipient witnesses testify based on their personal knowledge and do not bind the entity

14  for whom they appear.  *Reno v. Western Cab Co.*, Case No. 2:18-cv-00840-APG-NJK, 2020 WL

15  5902318 at *2 n.2. (D. Nev. Aug. 31, 2020) (distinguishing the 30(b)(6) deponent from the percipient

16  witness).  In sum, if Plaintiff proceeds with a Rule 30(b)(6) deposition, he must comply with the letter

17  and spirit of the Rule.  If Plaintiff wishes to take individual witness depositions, he must notice them

18  with dates on which the witnesses are available.

19  **III.     Order**

20         Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion

21  to Compel Discovery and Request for Sanctions (ECF No. 132) is DENIED.

22         IT IS FURTHER ORDERED that the deadline to complete discovery is extended to **June 24,**

23  **2024** to allow Plaintiff the opportunity to either comply with and notice depositions under Federal

24  Rule of Civil Procedure 30(b)(6) or otherwise notice and take depositions of individual witnesses.

25  Dispositive motions are due no later than **July 24, 2024.**  If no dispositive motions are filed, the due

26  date for filing the joint pre-trial order is **August 23, 2024**.  If one or more dispositive motion is

27  pending on August 23, 2024, the due date for the joint pretrial order is automatically reset to thirty

28  (30) days after the motions are ruled upon by the Court.

1   IT IS FURTHER ORDERED that the parties must meet and confer in person or by Zoom (if

2   by Zoom, defense counsel must initiate the conference) **no later** than **5 p.m.** on **April 5, 2024**.

3   IT IS FURTHER ORDERED that **no later than 5 p.m. on April 1, 2024**, Plaintiff **must**

4   provide Defendants (via email) with a written list of **all** topics on which he intends to question

5   Defendants' Rule 30(b)(6) witness (if any).  The topics **must** be reasonably particular so that

6   Defendants and the witness can properly prepare for the deposition.

7   IT IS FURTHER ORDERED that at the meet and confer:

8   1.   Plaintiff **must** have identified **multiple** dates on which he is available to conduct

9   depositions.  The available dates **must** be no sooner than April 15 and no later than May 10, 2024.

10   2.   Defendants **must** have **multiple** dates on which Joe Yakubik is available for

11   deposition (whether as a 30(b)(6) or percipient witness) on dates commencing with April 15 and

12   ending on May 10, 2024.

13   3.   Defendants **must** also have identified **multiple** dates on which any individual other

14   than or in addition to Mr. Yakubik is available to appear for a Rule 30(b)(6) deposition.  Those dates

15   must be no sooner than April 15 and no later than May 10, 2024.

16   IT IS FURTHER ORDERED that, while the Court **strongly** recommends the parties resolve

17   these matters on their own, if the parties cannot reach agreement at the meet and confer regarding

18   who will appear, when the individual or individuals will appear, and/or what 30(b)(6) deposition

19   topics Plaintiff may inquire into, the parties **must** contact chambers **no later than 12 noon on April**

20   **9, 2024** by calling Emily Santiago seeking a date for a hearing at which the Court will resolve all

21   outstanding issues.

22   Dated this 26th day of March, 2024.

23

24   _____
    ELAYNA J. YOUCHAH
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

6