1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

4

5

6

7

8

9

10

THOMAS R. LAYTON, an individual,

Plaintiff,

v.

GREEN VALLEY VILLAGE
COMMUNITY ASSOCIATION, dba
GREEN VALLEY VILLAGE HOA, *et al.*,,

Defendants.

Case No. 2:14-cv-1347-GMN-EJY

**ORDER**

11        On May 8, 2024, the Court held a hearing in which it addressed four motions primarily

12  pertaining to depositions Plaintiff, who is pro se, has expressed interest in taking including, but not

13  limited to the Fed. R. Civ. P. 30(b)(6) depositions of defendant business entities.  Prior to the May

14  8th hearing, the Court issued two orders in an effort to resolve issues providing specific directions

15  to the parties primarily for purposes of helping pro se Plaintiff.  At the hearing on May 8, 2024, the

16  Court spent considerable time speaking with Plaintiff, explaining Fed. R. Civ. P. 30(b)(6), as well

17  as how the depositions of an individual witness would proceed.  The Court discussed the differences

18  between percipient witnesses and Rule 30(b)(6) witnesses.  The Court explained to Plaintiff why

19  members of the public could not attend the depositions he ultimately stated he wants to take, why

20  they are not parties to this action, and why they lack standing.  The Court also discussed a production

21  of documents Plaintiff propounded, that Defendants could not be ordered to produce documents they

22  do not have, and how to proceed with a motion to compel after meeting and conferring with defense

23  counsel.

24        The Court spent considerable time with the parties finding a mutually convenient date for the

25  depositions Plaintiff seeks of an individual witness, Joe Yakubik, who will also appear as the Rule

26  30(b)(6) deponent for Green Valley Village Community Association.  The Court explained that

27  Green Valley Village is entitled to choose who will represent the entity at deposition.  The Court

28  explained that it recognizes Plaintiff's frustration with Mr. Yakubik, but that the deposition must be

1   cordial at all times.  The Court confirmed Plaintiff was not proceeding with the Rule 30(b)(6)

2   deposition of Assured Real Estate Inc.  A date was selected for the combined individual and Rule

3   30(b)(6) deposition of Mr. Yakubik, with the following day reserved in case Plaintiff could not

4   complete the deposition in seven hours.  The start time and end time of the deposition (with some

5   leeway) was discussed as well as the location of the deposition.  Plaintiff stated on the record and

6   confirmed that he would get the topics for the Fed. R. Civ. P. 30(b)(6) deposition of Green Valley

7   Village to defense counsel within 24 hours.  He did not do so.

8          On the morning of May 9, 2024, the Court received a call from counsel for Defendants with

9   Plaintiff initially connected on the call.  However, Plaintiff appeared to have hang up immediately

10  upon learning Judge's chambers was also connected to the call.  The Court then set an emergency

11  telephonic hearing for 1 p.m. on May 9, 2024.  A minute order was issued at approximately 10:20

12  a.m. on the morning of May 9.  The Court instructed defense counsel to email and telephone Plaintiff

13  to advise him of the hearing.  Plaintiff was also contacted by the Court's Judicial Executive Assistant

14  ("Assistant").  When Plaintiff was reached, he stated he was not at home.  The Court's Assistant

15  explained the hearing was by telephone.  Plaintiff stated he would not be available, but gave no

16  reason why.

17         The Court proceeded with the telephonic hearing at 1 p.m. giving Plaintiff the opportunity to

18  reconsider his availability and appear telephonically.  Plaintiff did not call into the MeetMe line at 1

19  p.m.  The Court telephoned Plaintiff, but he did not answer the call.

20         The Court then heard from counsel for Defendants.  The Court inquired into the reason for

21  the emergency call on the morning of May 9.  The Court learned that Defendants attempted to move

22  the deposition set for May 23, with May 24, 2024 reserved for additional questioning if needed, to

23  May 22, reserving May 23, 2024 for additional questioning.  An email exchange ensued that defense

24  counsel found lacked some clarity regarding Plaintiff's availability.  However, Plaintiff called

25  defense counsel at which time defense counsel hoped the matter would be resolved as he had already

26  stated in email that the witness, who would appear individually and as under Rule 30(b)(6), would

27  be available on May 23 and 24, 2024—that is, that the date originally agreed upon.

28

1    Unfortunately, during the call Plaintiff made statements that concerned defense counsel.

2 Plaintiff referenced knowing and potentially hiring a lawyer who was very recently involved in the

3 shooting and killing of a local attorney and his wife at a deposition in Las Vegas.  When asked what

4 Plaintiff meant by this reference, Plaintiff told defense counsel that defense counsel could interpret

5 Plaintiff's statements however he wanted.  Plaintiff is warned that he may not use his *pro se* status

6 to engage in or excuse improper conduct.  **Plaintiff is advised that threats of any kind against**

7 **Defendants, witnesses, or counsel are not tolerated by the Court.  Threats of any kind made**

8 **going forward will result in sanctions up to an potentially including case dispositive sanctions**.

9 *Murphy v. Wilhelm*, Case No. 3:19-CV-01733-AC, 2021 WL 799307, at *2–4 (D. Or. Mar. 2, 2021)

10 (ordering defendant not to communicate directly with any party in the case that is represented by

11 counsel where defendant's emails to such parties were "accusatory, sometimes threatening, and

12 always couched in an inappropriate and unprofessional tone).

13    Based on the above and out of an abundance of caution, IT IS HEREBY ORDERED that,

14 until further order of the Court, **all** future contact between Plaintiff and counsel for Defendants as

15 well as between Plaintiff and Mr. Yakubik **must be virtual**—either by teleconference or video

16 conference.

17    IT IS FURTHER ORDERED that if Plaintiff seeks to proceed with the Rule 30(b)(6)

18 deposition of Green Valley Village Community Association he **must** provide the list of topics to

19 defense counsel by email no later than 5 p.m. Pacific Daylight Time on May 13, 2024.  If Plaintiff

20 fails to provide defense counsel the topics for the Rule 30(b)(6) deposition by 5 p.m. PDT on May

21 13, 2024, the 30(b)(6) deposition **will not** proceed on May 23, 2024.  Only the individual deposition

22 of Mr. Yakubik will go forward on that date.

23    IT IS FURTHER ORDERED that the deposition of Mr. Yakubik set for May 23 and, if

24 needed, continuing on May 24, 2024, **must** be taken by **Zoom**.  This means Plaintiff may be in a

25 location of his choice either with the court reporter at the same location or with the court reporter

26 also appearing through Zoom.  Mr. Yakubik and defense counsel are to be in a separate location of

27 their choosing from which they will appear through Zoom.

28

1    IT IS FURTHER ORDERED that Plaintiff **must** arrange for the **video deposition** of Mr.

2  Yakubik in his individual capacity and, potentially, as the Rule 30(b)(6) witness for Green Valley

3  Village.  This means Plaintiff **must** arrange a Zoom meeting on May 23, 2024 commencing no later

4  than 9 a.m. and ending no later than 6:15 p.m. that same day.  Plaintiff **must** send an invite for the

5  video deposition to counsel for Defendants and to the court reporter if the court reporter is to appear

6  by Zoom.  Plaintiff **must** email defense counsel **all** exhibits he may use at the deposition no later

7  than **8:30 a.m.** on **May 23, 2024**.  If the court reporter appears by Zoom, Plaintiff **must** also email

8  the court reporter all exhibits he may use no later than **8:30 a.m. on May 23, 2024**.

9    IT IS FURTHER ORDERED that the parties are to appear via Zoom for a hearing at **1 p.m.**

10  **on May 21, 2024**.  The hearing will address, *inter alia*, Plaintiff's May 9, 2024 conversation with

11  defense counsel.

12    IT IS FURTHER ORDERED that the parties must contact Elvia Garcia, the Courtroom

13  Deputy for the undersigned Magistrate Judge, by **12:00 p.m. on May 17, 2024, at**

14  **Elvia_Garcia@nvd.uscourts.gov**, and provide their email addresses.  Ms. Garcia will email

15  participants with the Zoom link.

16    Dated this 9th day of May, 2024.

17

18    _____
     ELAYNA J. YOUCHAH
19   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

4