UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS R. LAYTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GREEN VALLEY VILLAGE COMMUNITY ASSOCIATION, dba GREEN VALLEY VILLAGE HOA, *et al*.,,<br><br>Defendants. | Case No. 2:14-cv-1347-GMN-EJY<br><br>**ORDER** |

The Court is in receipt of the respective Status Reports filed by Plaintiff and Defendants at ECF Nos. 163 and 164.

Based on the history of interactions between the parties and contents of the Status Reports, the Court finds as follows:

- All contact between Plaintiff and counsel for Defendants as well as between Plaintiff and Mr. Yakubik **must** be by teleconference, video conference or in writing.

- Plaintiff provides dates on which he is available to depose Mr. Yakubik (ECF No. 163 at 2 stating he is available on every date in August); thus, Defendants' contention to the contrary is not well taken.

- Defendants identified August 13, 16, and 19 as dates on which counsel and Mr. Yakubik are available for deposition.

- Plaintiff has not retained counsel. For this reason, the deposition of Mr. Yakubik **must** be taken through a virtual platform such as Zoom.

- Neither party identified additional discovery they wish to conduct; thus, **no discovery** other than Mr. Yakubik's deposition is permitted without leave of Court.

- Plaintiff was provided multiple opportunities by this Court to provide topics for a Fed. R. Civ. P. 30(b)(6) deposition at which Mr. Yakubik would appear. If Plaintiff seeks to depose Mr. Yakubik in his capacity as a corporate representative, Plaintiff **must** provide topics to Defendants, through their counsel, by emailing the topics **no later than 5 p.m., Pacific Daylight Time, on August 7, 2024**. If no topics are provided by or before that date and time, Mr. Yakubik will appear for deposition solely in his individual capacity. The Court will not hear further argument on this topic.

- If 30(b)(6) topics are emailed to defense counsel, defense counsel **must** prepare Mr. Yakubik as a corporate representative to the best of his ability based on the subject matters identified. The parties are sufficiently familiar with the issues in this case that this can be accomplished even if topics appear overbroad or vague. Defense counsel is not precluded from objecting at depositions to questions that fall outside topics identified, but Mr. Yakubik **must** make good faith efforts to answer all questions.

- Mr. Yakubik is ordered to appear, via Zoom (or other virtual platform such as Webex), for deposition on **August 16, 2024**. The deposition is to **commence at 9 a.m.** and **end no later than 5:00 p.m**.

- Plaintiff **must** arrange for the video deposition of Mr. Yakubik on **August 16, 2024**. This requires Plaintiff to secure a court reporter who will be present on Zoom (or other video platform) and who will transcribe the deposition as it occurs. Plaintiff and the court reporter may be in the same room or different room.

- Plaintiff **must** send a Zoom or other video platform invite for the video deposition to defense counsel **by email** no later than **August 14, 2024 at 3 p.m.**

- If Plaintiff and the court reporter are in different rooms, Plaintiff **must ensure** the court reporter receives an invite to the deposition no later than **August 14, 2024 at 3 p.m.**

- If Plaintiff and the court reporter are in different rooms, Plaintiff **must** provide all exhibits he intends to use at the deposition to the court reporter no later than **August 14, 2024 at 3 p.m.**

- If Plaintiff and the court reporter are in the same room for the deposition, Plaintiff may bring the exhibits to the deposition.

- Any and all exhibits Plaintiff intends to show Mr. Yakubik at his deposition, whether as a corporate representative or in his individual capacity, **must** be provided to defense counsel by sending the same by email or overnight mail such that they are **received in defense counsel's office** no later than **August 14, 2024 at 3 p.m.**

- The deposition **must be recorded** on the video platform used to depose Mr. Yakubik. As stated, the deposition **must** be simultaneously recorded by a court reporter.

- <u>**Absolutely no change to the date or time of Mr. Yakubik's deposition is permitted absent a demonstration of an extraordinary, unforeseeable emergency that prevents his appearance or the appearance of Plaintiff or defense counsel**</u>.

- The Court will be available during the day on August 16, 2024 to resolve any dispute that may arise during the deposition.

The Court endeavors to provide substantial and specific guidance regarding Mr. Yakubik's deposition. The Court expects and requires full cooperation by both parties in the process. The parties are not to make any changes to the deposition process established in this Order. If some issue

1   arises—which should be limited to an extraordinary problem—the parties may call chambers to set
2   an emergency telephonic hearing at which time the Court will resolve the issue.
3       IT IS SO ORDERED this 31st day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE