UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS R. LAYTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GREEN VALLEY VILLAGE COMMUNITY ASSOCIATION, dba GREEN VALLEY VILLAGE HOA, *et al.*,,<br><br>Defendants. | Case No. 2:14-cv-1347-GMN-EJY<br><br>**ORDER** |

**I.    Introduction**

Pending before the Court is Plaintiff's Motion to Amend the Discovery Deadline and Compel Discovery. ECF No. 173. Plaintiff is proceeding *pro se*. The Court reviewed Plaintiff's Motion and Defendants' Opposition. ECF No. 174. No reply was filed. The Court also read the entirety of Joseph Yakubik's deposition transcript. ECF No. 175-1 at 2-75.[1]

In his Motion, Plaintiff contends Mr. Yakubik, who was apparently appearing in his individual capacity and as Defendants' Fed. R. Civ. P. 30(b)(6) witness, was non-responsive during deposition repeatedly answering questions with statements like "I don't know" or "I don't remember."[2] Plaintiff further claims Mr. Yakubik (not counsel) asserted objections and refused to answer numerous questions. Specifically, Plaintiff complains that Mr. Yakubik refused to answer questions about a bankruptcy, prior business dealings, and other lawsuits in which he was involved. After approximately one and one-half hours of Mr. Yakubik's deposition, Plaintiff concluded that it was "obvious" Mr. Yakukik was not prepared to testify as a Fed. R. Civ. P. 30(b)(6) witness for Green Valley Village HOA. Plaintiff asks the Court to compel Green Valley Village HOA "to produce an actual 30(b)(6) representative" and require Mr. Yakubik to reappear and answer

---

[1]   Defendants failed to comply with well-established local rules requiring all exhibits submitted to be in a searchable format. LR IA 10-1(b) and LR IC 2-2. For this reason alone the Court could strike the filing. LR IC 7-1. On this occasion the Court does not elevate this failure to that extreme response; however, Defendants are reminded that compliance with Local Rules is not an advisory, but mandatory.

[2]   The Court notes that neither party clearly identified the capacities in which Mr. Yakubik appeared.

1

questions about "his most recent company, his bankruptcy that overlapped this case, and his legal history as a defendant in the Clark County Court system." Plaintiff further requests Mr. Yakubik be compelled to reappear for his individual deposition. Finally, Plaintiff asserts he requested production of all contracts between Defendants Green Valley Village HOA and Assured Real Estate, none were produced, but Mr. Yakubik admitted during deposition that a contract does exist.

Defendants are represented by an experienced counsel. Defendants nonetheless seem to argue that because *pro se* Plaintiff refused to answer certain questions and asserted objections to other questions posed at his deposition, this supports the conclusion that Mr. Yakubik should not be compelled to reappear. *See* ECF No. 174 at 3-6. The Court finds this presentation irrelevant to the decision the Court is asked to make. Defendants also summarizes the deposition (*id*. 7-9) the transcript of which was provided (ECF No. 175-1) and argue Plaintiff caused his own harm by ending the deposition prematurely presenting only two of ten exhibits identified. ECF No. 174 at 9-10.[3]

## II. Discussion

Although there is no specific limit on the number of times a person or party may be deposed, repeat depositions are disfavored, except in certain circumstances. *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1990). A party seeking a court order to extend the examination must show "good cause" to justify such an order. *Boston Scientific Corp. v. Cordis Corp.*, Case No. 5:02-CV-1474 JW (RS), 2004 WL 1945643, at *2 (N.D. Cal. Sept.1, 2004). Absent a sufficient showing of need or good reason to justify the second deposition, a court generally will not enter an order reopening a deposition. *Archer v. City of Taft*, Case No. 1:12-cv-00261-AWI-JLT, 2014 WL 5216653, at *3 (E.D. Cal. Oct. 14, 2014); *Couch v. Wan*, Case No. CV-F-08-1621-LJO-DLB, 2012 WL 4433470, at *3 (E.D. Cal. Sept. 24, 2012); *Graebner*, 130 F.R.D. at 441; *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996.). Further, courts in the Ninth Circuit hold that even if a party does not give truthful answers in a first deposition, this does not justify a second deposition of the same person. *Mountains of Spices LLC v. LaFrenz*, Case No. CV-21-01497-PHX-JAT, 2023

---

[3] The Court does not repeat the tortured history that, after many months, finally resulted in Plaintiff setting and Mr. Yakubik appearing for depositions. A review of the Court's Orders at ECF Nos. 148, 158, 162, 165, and 168 are nonetheless referenced for the reader.

1  WL 2691560, at *2 (D. Ariz. Mar. 29, 2023). "Inconsistent or contradictory testimony is not enough
2  by itself to justify reopening a deposition." *Barten v. State Farm Mut. Auto. Ins. Co.*, Case No. CIV
3  12-399-TUC-CKJ (LAB), 2014 WL 11512606, at *2 (D. Ariz. July 8, 2014) (citations omitted).

Here, a review of Mr. Yakubik's deposition transcript does not show he refused to answer questions regarding subject matters reasonably related to the case at hand. *See* ECF No. 175-1 at 40-67. Indeed, Mr. Yakubik testified to when Defendant Assured Real Estate was formed; who were the principles of the entity; when it served and in what capacity it served Green Valley Village HOA; how it processed HOA payments; and his recollection of conversations he has had with homeowners regarding unpaid HOA fees. While Mr. Yakubik did not recall specific facts relating to allegations raised by Plaintiff, these pages of the deposition do not support Plaintiff's contention that Mr. Yakubik was unprepared to be deposed either individually or as a Fed. R. Civ. P. 30(b)(6) witness. Indeed, contrary to Plaintiff's contention, Mr. Yakubik readily testified to the names of Green Valley Village HOA presidents and did not have to be prompted to provide last names. ECF No. 175-1 at 9, 44. Mr. Yakubik also testified to the HOA board election processes; when and how he works with the Green Valley Village HOA board; when the board became aware of this litigation; whether Assured Real Estate ever purchased a foreclosed upon home; his role in home foreclosures as a property manager; the number of properties Assured manages; and his role in community management, *Id*. at 9-10, 13, 18, 19-22.

It is true that Mr. Yakubik, an attorney, objected to and refused to answer questions about other litigation (*id*. at 28-31) and the apparent failure of a boating business (*id*. at 34-35, 37-38); however, it is unclear how these topics have any relationship to Plaintiff's claims under the Fair Debt Collection Practices Act. Instead, these questions appear to seek to establish Mr. Yakubik's character such that Plaintiff may argue his conduct in the instant case is consistent with that character. Evidence of conformance with character is inadmissible under Federal Rules of Evidence 404(a).

While the Court finds counsel, not Mr. Yakubik, should have made *non-speaking* objections, and the refusal to answer should have been based on objections other than mere relevance, the refusal to answer Plaintiff's questions regarding other litigation, the boat company, and a bankruptcy that

3

are unrelated to debt collection, which is the only claim before the Court, does not establish good cause to reopen Mr. Yakubik's deposition. In fact, at the risk of some redundancy, what surprises the Court is Plaintiff's sudden suspension of Mr. Yakubik's deposition as this came when Mr. Yakubik was providing thorough responses to appropriate questions related to this dispute. ECF No. 175-1 at 54-67. This portion of the deposition transcript (together with earlier testimony regarding various topics) belies the notion that Mr. Yakubik was unprepared to testify as Green Valley Village Community Associations' person most knowledgeable under Fed. R. Civ. P. 30(b)(6). And, while Mr. Yakubik was not the most cooperative witness when questions were posed about his personal and business experiences unrelated to this litigation, which responses could have been handled more professionally by Defendants, the conduct was not egregious and, importantly, the Court reiterates that Mr. Yakubik was responsive to appropriate subject matters directly and even tangentially related to Plaintiff's claims. Thus, even granting Plaintiff leeway as a *pro se* litigant, the Court is unsure why Plaintiff chose to end Mr. Yakubik's deposition when he did.

In sum, Plaintiff fails to show sufficient justification to reopen the deposition of Mr. Yakubik either in his individual capacity or in his capacity as the Fed. R. Civ. P. 30(b)(6) witness. There is an absence of good cause for the second deposition required under Federal Rule of Civil Procedure 30(a)(1)(A)(ii) inasmuch as Plaintiff had ample opportunity to depose Mr. Yakubik on the subjects at issue, and he offers nothing that justifies his failure to continue the deposition at the time Mr. Yakubik was available and responding to questions. Therefore, the Court exercises its discretion to deny Plaintiff's request to compel a second deposition of Mr. Yakubik individually or a Fed. R. Civ. P. 30(b)(6) witness for Green Valley Village HOA. *Archer*, 2014 WL 5216653 at *3; *Couch*, 2012 WL 4433470 at *3; *Dixon*, 164 F.R.D. at 690.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend the Discovery Deadline and Compel Discovery (ECF No. 173) is DENIED.

IT IS FURTHER ORDERED that with respect to the production of the contract between Assured Real Estate and Green Valley Village HOA, Defendants **must** determine if such contract was produced. If so, Defendants **must** advise Plaintiff of when the production occurred and the

Bates numbers on the production. If the contract was not produced, Defendants **must** produce the contract within **seven days** of the date of this Order.

IT IS FURTHER ORDERED that given Plaintiff's Motion to Amend the Discovery Deadline, the Court sets the close of discovery as the date of this Order. The dispositive motion deadline is **December 2, 2024**. This deadline does not alter the date by which Plaintiff must respond to the Motion for Summary Judgment filed on October 24, 2024. If the outcome of dispositive motions does not resolve the entirety of this case, the proposed joint pretrial order is due thirty (30) days after such order is issued.

Dated this 25th day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE